UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| HERBERT CLIFFORD VITITOE III, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:08-cr-094 |
| | ) | | 3:10-cv-379 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/GUYTON) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Herbert Clifford Vititoe III ("petitioner"). The government has filed its response to the motion, as amended. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.    Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner pleaded guilty, without benefit of a plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1), to the minimum mandatory term of imprisonment of 180 months. [Criminal Action No. 3:08-cr-94, Doc. 20, Judgment]. The facts underlying his conviction and sentence are as follows:

> On June 4, 2008, Maryville Police detectives received information from St. Bernard Parish Sheriff's Office, Louisiana, that defendant was a wanted fugitive from their jurisdiction and that he may be coming to Maryville. Maryville Police detectives located defendant. Defendant was taken into custody. The detectives from the Maryville Police Department searched the vehicle driven by defendant incident to arrest. Inside the vehicle was a loaded .40 caliber Glock semi-automatic firearm. The firearm was located in a compartment next to defendant. The firearm and ammunition was not manufactured in the state of Tennessee. Defendant has previously been convicted in courts of crimes punishable by a term of imprisonment exceeding one year, namely, four counts of burglary in Jefferson Parish, Louisiana, May 1992.

[*Id.*, Doc. 11, Notice of Factual Basis, pp. 1-2]. In support of his § 2255 motion, petitioner alleges ineffective assistance of counsel with respect to his sentencing.

2

**III. Discussion**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the

3

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges his attorney rendered ineffective assistance of counsel when she (1) failed to challenge the conclusion that his four convictions for simple burglary of an inhabited dwelling were on different dates; (2) failed to argue a *Shepard* violation; (3) failed to argue that his burglary convictions were not crimes of violence; and (4) failed to move for a downward departure under *Gall/Kimbrough*. In an amendment to his § 2255 motion, petitioner alleges his attorney (5) failed to argue that petitioner's prior convictions were the result of one arrest pursuant to Amendment 709; and (6) gave him erroneous advice because he is actually innocent of the § 924(e) enhancement. The Court will consider each claim in turn.

### A. Four Simple Burglary Convictions

Under the Armed Career Criminal Act (ACCA), there is a minimum mandatory sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Petitioner was determined to be an armed career criminal based upon the following predicate offenses: (1) simple burglary of an inhabited dwelling on November 11, 1991, at 3521 Tulane Drive, Kenner, Louisiana; (2) simple burglary of an inhabited dwelling on November 4, 1991, at 3618 Grandlake, Kenner, Louisiana; (3) simple burglary of an inhabited dwelling on October 24, 1991, at 328 W. Louisiana State Drive, Kenner, Louisiana;

4

(4) simple burglary of an inhabited dwelling on October 31, 1991, at 3385 Tulane Drive, Kenner, Louisiana; and (5) simple burglary of a building on October 1, 2007, at 2501 Archbishop Hannan Drive, Meraux, Louisiana. [Criminal Action No. 3:08-cr-94, Presentence Report, pp. 5-8, ¶¶ 22, 23, 24, 25, & 28, respectively].

Petitioner contends that his four convictions for simple burglary of an inhabited dwelling should not have counted as separate offenses because they were brought as four counts in the same case, he was arrested for the offenses on the same date, and he was sentenced on all four convictions on the same date. He thus contends that counsel was ineffective for failing to raise the issue. This argument lacks merit.

As previously noted, the Presentence Report indicates that the burglary offenses occurred on separate dates and at separate places, and thus were properly counted as separate predicate convictions for purposes of the ACCA. *See, e.g., United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (en banc) ("[O]ffenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and [] convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1).").

Based upon the foregoing, petitioner's attorney was not ineffective by failing to raise the issue. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

5

### B.     Shepard v. United States

Petitioner contends his attorney should have alleged a *Shepard* violation. In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court held that a sentencing court cannot look to police reports in determining whether a defendant committed a "generic burglary." *Id.* at 21-27. This is important because, for purposes of the ACCA, a burglary is "a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." *Id.* at 15-16.

*Shepard* is relevant to cases where it is unclear whether a prior conviction is a predicate case for purposes of the ACCA. In this case, petitioner's convictions for burglary are clearly predicate offenses because each of them involved a building and thus *Shepard* is not implicated. Accordingly, counsel was not ineffective in failing to seek a *Shepard* analysis.

### C.     Crimes of Violence

Petitioner alleges that counsel was ineffective for not arguing that the simple burglaries for which he was convicted were not crimes of violence. For purposes of the ACCA, a violent felony is "any crime punishable by imprisonment for a term exceeding one year," that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). As previously noted, for a burglary to be a violent felony, it must be a burglary of a building.

6

Petitioner's Presentence Report clearly indicates that his burglary convictions each involved burglary of a building for which the punishment was a term of imprisonment exceeding one year. Petitioner's burglary convictions were thus crimes of violence and counsel for not ineffective for failing to argue otherwise.

D. **Downward Departure**

Petitioner contends counsel should have argued for a downward departure in light of *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007). Petitioner was sentenced to the minimum mandatory term of imprisonment that he could receive under the circumstances, however, and thus a motion for downward departure would have been frivolous. Counsel cannot be faulted for failing to file a frivolous motion.

E. **Amendment 709**

Petitioner contends counsel was ineffective for failing to argue that his simple burglary convictions should have counted as only one conviction under Amendment 709. As a result of Amendment 709 (effective November 1, 2007), U.S.S.G. § 4A1.2 provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*.

7

Amendment 709 would not, however, have afforded petitioner any relief had counsel raised the issue. It only amended U.S.S.G. §§ 4A1.1 and 4A1.2 with respect to the calculation of a defendant's criminal history category. Amendment 709 did not change the statutory definition of an armed career criminal under 18 U.S.C. § 924(e)(1). Petitioner's burglaries occurred on separate dates and at separate places as noted in the Presentence Report, and thus were properly counted as separate predicate convictions for purposes of the ACCA. Counsel was not ineffective in failing to argue Amendment 709.

### F. Actual Innocence

Petitioner contends he is actually innocent of being an armed career criminal based upon Amendment 709 and that counsel was ineffective in failing to research the issue. Again, this argument lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a

certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

<pre>
                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>