UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| HERBERT CLIFFORD VITITOE, III, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:08-CR-94-TAV-HBG-1 |
| | ) | | 3:16-CV-641-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 47]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on January 12, 2017 [Doc. 51]. For the reasons that follow, the § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

In 2009, Petitioner pled guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g) [Docs. 11, 12, 20]. Based on five prior Louisiana convictions—four 1992 convictions for simple burglary of an inhabited dwelling and one 2008 conviction for simple burglary, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [Presentence Investigation Report (PSR) ¶¶ 17, 22–25, 28]. This Court sentenced Petitioner to 180 months' incarceration on August 24, 2009 [Doc. 20]. No direct appeal was taken.

On year later—on August 13, 2010—Petitioner collaterally challenged his sentence and conviction under § 2255 [Docs. 22, 23]. This Court denied and dismissed that original challenge on September 4, 2013 [Docs. 34, 35]. Petitioner filed a second petition on June 24, 2016 [Doc. 40], but this Court transferred that motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 [Docs. 42, 43]. Recently, Petitioner submitted a third collateral challenge, this time arguing that the *Johnson* decision removed several prior convictions from § 924(e)'s definition of violent felony and that, without those convictions, he lacks sufficient predicate offenses for ACCA enhancement [Doc. 47]. The Sixth Circuit granted authorization for this Court to consider Petitioner's most-recent successive § 2255 petition on October 31, 2016 [Doc. 45].

## II.   STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.   ANALYSIS OF TIMELY GROUND

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1)

(emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v.*

3

*United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

For purposes of § 924(e), the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). At the time of Petitioner's convictions for simple burglary of an inhabited dwelling, Louisiana defined the offense as "the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein;" the crime carried a term of incarceration of "not less than one year." La. R.S. ¶ 14:62.2 (1992). Because the offense corresponds perfectly with *Taylor*'s generic definition, *see United States v. Myles*, 423 F. App'x 442, 445 (5 th Cir. 2011) (holding that a violation of § 14:62.2 categorically qualified as "burglary of a dwelling" under Section 4B1.2 of the United States Sentencing Guidelines); *see also United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009) ("[T]reat[ing] a 'crime of violence' under [the career-offender] guidelines the same as a 'violent felony' under the [ACCA] because both laws share essentially the same definitions"), all four of Petitioner's prior convictions under that statute remain predicate violent felonies under the ACCA enumerated-offense clause.

Because at least three of Petitioner's prior convictions qualify as violent felonies independent of the now-defunct residual clause, the *Johnson* decision is inapposite to his case.

As a result, the Court finds that it need not determine whether Petitioner's 2008 Louisiana conviction for simple burglary remains a crime of violence after the *Johnson* decision as well.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 47] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE